**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                       No. 4:09CR00254 JLH

BRANDON STOVALL                                                                            DEFENDANT

**ORDER**

Brandon Stovall has been indicted on one count of being a felon in possession of a firearm. The firearm was located in a warrantless search of his mother's home in the early morning hours of September 10, 2008. Little Rock police detectives were investigating a homicide, and witnesses of the homicide had identified Brandon Stovall as the person who committed the homicide. Those witnesses also gave police detectives the address of 10015 Wilderness Road in Little Rock as Brandon Stovall's address. That address is the address of a home owned by Brandon Stovall's mother, Rose Stovall.

Four Little Rock police detectives went to Rose Stovall's home at approximately 1:30 in the morning and knocked on the door. Rose Stovall was asleep. She got up and went to the door. The detectives told her that they were looking for Brandon because he was a suspect in a murder. They did a sweep of the house to see whether he was there and did not see him. The detectives then asked Rose Stovall if they could search Brandon's bedroom, and she told them that they could. Although she does not recall signing a consent form, there was a written consent executed. The Court finds from a preponderance of the evidence that Rose Stovall signed the written consent form.

Little Rock Detective Tommy Hudson then searched the bedroom that was identified as Brandon Stovall's bedroom. The gun at issue was found on a shelf above the hanging rod in the closet. It was not in a closed container, such as a foot locker, a bureau drawer, or a backpack.

>In *United States v. Munoz*, 590 F.3d 916, 922 (8th Cir. 2010), the court stated:
>
>>"Consent to search . . . may be given either by the suspect or by some other person who has common authority over, or sufficient relationship to, the item to be searched." *United States v. James*, 353 F.3d 606, 613 (8th Cir.2003). "Common authority" is determined by "mutual use, joint access, and control, and is a question of fact." *Id.* (citation omitted). An officer cannot "rely on a third party's consent to intentionally bypass a person who is present, has a superior privacy interest in the premises, and actively objects to the search." *United States v. Esparza*, 162 F.3d 978, 980 (8th Cir.1998), citing *United States v. Brokaw*, 985 F.2d 951, 953 (8th Cir.1993). However, a search is lawful "where officers reasonably rely on the consent of a third party who demonstrates apparent authority to authorize the search, even if the third party lacks common authority." *United States v. Nichols*, 574 F.3d 633, 636 (8th Cir.2009), citing *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). "Apparent authority is present when 'the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over' " the thing searched. *Id.*, quoting *Rodriguez*, 497 U.S. at 188, 110 S.Ct. 2793.

Rose Stovall had actual authority to give permission to search the house, which she owned. She also had apparent authority because the facts available to Detective Tommy Hudson at the time warranted a man of reasonable caution and the belief that Rose Stovall had authority over the bedroom where the firearm was found.

Brandon Stovall argues that Rose Stovall's consent to search was not voluntary. "Consent to search is voluntary if it is the product of an essentially free and unconstrained choice by its maker . . . rather than the product of duress or coercion, express or implied." *United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006) (quoting *United States v. Mancias*, 350 F.3d 800, 804 (8th Cir. 2003). Rose Stovall testified that she did not feel free to deny consent because there were four officers present and she was not allowed to move about freely. The evidence established that she was directed to stay in the living room with an officer while other officers performed the protective sweep to make sure that Brandon Stovall was not in the house. That directive was a safety

precaution. Because the officers were not sure whether Brandon Stovall was in the room, and because he was identified as a suspect in a murder and presumed to be armed and dangerous, it would have been dangerous for Rose Stovall to accompany the officers during the initial sweep. There was no evidence of any kind of coercion or duress imposed on Rose Stovall other than the fact that the officers were present in her home. In view of the totality of the circumstances, the Court finds that Rose Stovall's consent to the search of the bedroom was voluntary.

Therefore, the motion to suppress is denied. Document #22.

IT IS SO ORDERED this 8th day of November, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE